UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREEM ORONDE SUTTON,<br><br>                    Plaintiff,<br><br>-against-<br><br>UNITED STATES GOVERNMENT,<br><br>                    Defendant. | 24-CV-2533 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendant violated his rights. He sues the United States Government. By order dated April 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is currently a resident of New York, states that the events giving rise to his claims occurred in New York and Georgia between "6/18 – present." (ECF 1, at 5.) Plaintiff alleges,

> My identity was stolen. My private intellectual property has been made for public usage without my consent or compensation. I have filed several police report with no investigation in Georgia, February 2023, I file a TPO. The judge declined 5 days later, I was set afire. I am being gang stalked currently. I lost everything as a result. I entered a program run by State Rep Gregg Kinnard, in August 2022. While in the program, I was told to take a pill for mental health as they falsified my medical records at a clinic contracted w/ the inspire program run by State Rep. I started school April 2023 and notice a strawman was created to entrap me for the illegal activity, my identity was being used for. I was silenced at school after I complained. I went to Secret Service because whoever is using my identify is also using my merchant account. My phone is tracked. I have been put in a sandbox virtually. All of my rights have been and still are being violated with forced labor cyberly. I filed a conspiracy against rights under color of law lawsuit October 6

> 2023 at the Russel Building in Atlanta, Georgia.[1] The paper filed was pulled and I never received my day in court. 12 years as a slave w/ the government using my online identity to broker contracts internationally.

(*Id.* at 5-6.)

Plaintiff describes his injuries as being "set afire" in February 2023, resulting in second and third degree burns on his face and hands; post-traumatic stress disorder; "[f]alsified documents in medical records"; and "[f]alsified school records." (*Id.* at 6.)

For relief, Plaintiff seeks,

> Full compensation times 10, tort damages, defamation, slander, restoration of quality of life, full review of all contracts, private right of action, what my intellect property was used for, full access to all my accounts, businesses, my voice, fingerprints, my likeness reclaims in full[,] security for myself and everyone i[n] my family.

(*Id.* at 7.)

## DISCUSSION

**A.    Sovereign Immunity**

Under the doctrine of sovereign immunity, the United States of America is immune from any liability arising out of Plaintiff's claims. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[2] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)

---

[1] Plaintiff here appears to be referring to an action he filed in the United States District Court for the Northern District of Georgia. *See Sutton v. Doe*, No. 23-CV-4588 (N.D. Ga. Dec. 21, 2023). By order dated December 21, 2023, Judge Victoria Marie Calvert dismissed that action for failure to state a claim on which relief may be granted. *See id.*, Dkt. 5.

[2] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged, however, do not suggest that the FTCA is applicable here.

("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court therefore dismisses all claims brought against the United States of America under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

**B.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:  June 21, 2024
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge